**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 03-4130**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MARIE JOSEE ASMATH, a/k/a Maria Joseph, a/k/a
Marie J. Pierre, a/k/a Marie Pierre,

Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
South Carolina, at Beaufort. Sol Blatt, Jr., Senior District Judge.
(CR-01-759)

———————

Submitted:  August 6, 2003          Decided:  August 20, 2003

———————

Before WIDENER, WILKINSON, and KING, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

David P. McCann, Charleston, South Carolina, for Appellant.  J.
Strom Thurmond, Jr., United States Attorney, Robert H. Bickerton,
Assistant United States Attorney, Charleston, South Carolina, for
Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Marie Josee Asmath appeals the sentence imposed after she pleaded guilty, pursuant to a plea agreement, to one count of conspiracy to possess with intent to distribute and to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846 (2000). The district court concluded that Asmath had previously been convicted of two crimes of violence, and therefore qualified for an enhanced sentence as a Career Offender under the Sentencing Guidelines. See U.S. Sentencing Guidelines Manual ("USSG") § 4B1.1 (2001). On appeal, Asmath contends that the evidence at sentencing was insufficient to establish that she was in fact the person who was convicted of the predicate crimes.

We review a district court's resolution of factual questions at sentencing under the clearly erroneous standard. United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir. 1989). A defendant is a career offender if she was at least eighteen years old when the instant offense was committed, the instant offense is a felony and is either a crime of violence or a drug offense, and she has at least two prior felony convictions for crimes of violence or drug offenses. See USSG § 4B1.1. Asmath does not dispute the first two requirements, nor does she contest that the convictions in question were felony convictions for crimes of violence. She argues that her identity as the person who was convicted of those crimes was not

2

sufficiently established to qualify her for an enhanced sentence. Our review of the record convinces us that the district court did not err in concluding that Asmath's identity was adequately established and that she was a career offender.

Accordingly, we affirm Asmath's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>